UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
AMBER L. COOPER,
                        Plaintiff,
        -against-                                    23-CV-11174 (MMG)
SBH HEALTH SYSTEM et al.,                            ORDER OF SERVICE
                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/11/2024

MARGARET M. GARNETT, United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and state law. She alleges that her former employer discriminated and retaliated against her on the basis of her race and color, and by not giving her proper compensation after a promotion and terminating her employment after she requested a religious exemption from the Covid-19 vaccine. The Court also construes the complaint as asserting claims under 42 U.S.C. § 1981, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that district courts must construe a *pro se* plaintiff's complaint as asserting claims under laws of which factual allegations suggest a violation). By order dated January 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Dkt. No. 4.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order that service be made by a United States marshal or deputy marshal if the plaintiff is authorized to proceed IFP).

    To allow Plaintiff to effect service on Defendants SBH Health System, David Perlstein, Keith Wolf, Manisha Kulshreshtha, and Karen Johnson through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the U.S. Marshals Service all the paperwork necessary for the U.S. Marshals Service to effect service upon Defendants.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for Defendants SBH Health System, David Perlstein, Keith Wolf, Manisha Kulshreshtha, and Karen Johnson, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

Dated: March 11, 2024
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge